UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. _____-Civ-

GADSDEN COUNTY, a political subdivision
of the State of Florida,

and

GADSDEN HOSPITAL, INC.,
A Florida nonprofit corporation,

    Plaintiffs,

vs.

MICHAEL O. LEAVITT, in his official
capacity as Secretary, U.S. Department of
Health and Human Services,

and

MARK B. McCLELLAN, M.D., in his
official capacity as Administrator, Centers
for Medicaid and Medicare Services,

    Defendants.
_____/

PETITION
FOR JUDICIAL REVIEW
AND COMPLAINT FOR
DECLARATORY RELIEF AND
INJUNCTIVE RELIEF

## PETITION FOR JUDICIAL REVIEW AND COMPLAINT

As more fully set forth below, this is an action for judicial review of final agency action, as well as an action for declaratory and injunctive relief to declare the rights of Plaintiffs and to remedy Defendant's violation of its regulations implementing the Social Security Act, and its violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

1. This action is brought by Gadsden County, Florida, ("the County"), a political subdivision of the State of Florida and Gadsden Hospital Inc., ("GHI"), a Florida nonprofit corporation, created and controlled by Gadsden County:

 a. for judicial review of the decision of the U.S. Department of Health and Human Services ("HHS"), through its Department Appeals Board, rejecting a Request for Review of a decision of an HHS Administrative Law Judge ("ALJ") filed by the County and GHI;

 b. for judicial review of the decision of the HHS, through its ALJ, denying the County's and GHI's petition to intervene and the request to reopen the ALJ's decision upholding termination of the Medicare Provider Agreement for the Gadsden Community Hospital ("the Hospital"), issued by the Centers for Medicaid and Medicare Services ("CMS");

 c. for judicial review of the decision of the ALJ's Decision Granting Summary Judgment to the Centers for Medicaid & Medicare Services ("Decision Granting Summary Judgment"), in spite of the lack of proper notice of CMS' Motion for Summary Judgment.

 d. for declaratory and injunctive relief to invalidate regulations that violate the due process rights of the County and GHI, as well as numerous other providers and potential providers and enjoin HHS and CMS from enforcing that regulation.

 c. for such and other relief as the Court deems proper.

## Jurisdiction

2. This case arises under the laws of the United States and the United States Constitution, and presents a federal question within the Court's jurisdiction under Article III of the federal Constitution, 5 U.S.C. § 702, 28 U.S.C. § 1331 and 42 C.F.R. §§ 498.5(c), 498.90(a)(1) and 498.90(b).

3. The Court has the authority to grant declaratory relief pursuant to 5 U.S.C. § 703 and 28 U.S.C. §§ 2201, *et seq*.

4. Venue is proper in this district under 28 U.S.C. § 1391(e)(2) and (3); and 42 C.F.R. Sec. 498.90(a)(1).

5. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). This Court may grant declaratory relief and additional relief, including an injunction pursuant to 28 U.S.C. §§ 2201, 2202, and 5 U.S.C. §§ 705 and 706.

6. Plaintiffs' right to judicial review of the actions complained of is secured by the Fourteenth Amendment to the United States Constitution; by the Federal Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706, as well as by the regulations of HHS, 42 C.F.R. § 498.90(a)(1).

7. Plaintiffs have exhausted their administrative remedies, as there is no further appeal process available to Plaintiffs other than judicial review to this Court pursuant to 42 C.F.R. §§ 498.5(c) and 498.95(a). This action is commenced within 60 days of receipt by the County and GHI of the decision of the HHS Departmental Appeals Board.

## Parties

8. The County is a political subdivision of the State of Florida, which constructed and owns the Hospital, located in Gadsden County, Florida, for the purpose of serving the health care needs of Gadsden County residents.

9. GHI is an active Florida nonprofit corporation with its principal place of business in Gadsden County, Florida, that was created by the County to lease and operate the Hospital as a successor to the current Lessee, Ashford Healthcare Services, Inc, ("Ashford").

10. Defendant, MICHAEL O. LEAVITT, is Secretary of HHS, an agency of the federal government and an "agency" within the meaning of the APA. Defendant LEAVITT is named as a party in his official capacity.

11. Defendant, MARK B. McCLELLAN, is Administrator of CMS, a division of HHS and an "agency" within the meaning of the APA. Defendant McClellan is named as a party in his official capacity.

## The Facts

12. This matter arose from the action by CMS to terminate the Medicare provider agreement between Gadsden Community Hospital and the Secretary of HHS ("Medicare Provider Agreement"). The County entered into a lease with Ashford Healthcare Systems, Inc., (Ashford), dated July 1, 2001, under which Ashford was to operate the Hospital for the benefit of the County and its citizens. As provided by the lease, Ashford obtained a transfer of the State licensure for the Hospital and the Medicaid and Medicare agreements with the Florida Agency for Health Care Administration ("AHCA") and CMS, respectively. CMS subsequently granted Critical Access Hospital ("CAH") status for the Hospital, which provides for favorable Medicare reimbursement rates for certain rural hospitals.

13. In November 2005, Ashford filed a voluntary petition in bankruptcy pursuant to Chapter 11 of Title 11, U.S.C., which is currently pending in the United States Bankruptcy Court for the Northern District of Florida, under the style of "In re: Ashford Healthcare Systems, Inc., Case No. 05-45011 ("the Bankruptcy Case"). Pursuant to an agreement between the County and Ashford, dated April 4, 2006, Ashford agreed to transfer to GHI its lease of the Hospital, its state license for the Hospital and its Medicare Provider Agreement (Transfer Agreement), in exchange for certain payments and other consideration from Gadsden County (See Exhibit A). This

Transfer Agreement became effective on June 2, 2006, upon issuance of a Bankruptcy Court order approving the Transfer Agreement (See Exhibit B).

14. GHI was formed by Gadsden County solely for the purpose of operating the Hospital as a successor to Ashford and currently has pending applications with both AHCA and with the CMS for approval of Change of Ownership ("CHOW"), wherein Ashford's state license for the Hospital and its Medicaid and Medicare Provider Agreements will be transferred to GHI. The County and AHCA have entered into an agreement providing for approval of the CHOW application now pending at AHCA, upon the satisfaction of certain conditions.

15. On June 8, 2006, the ALJ issued his "Decision Granting Summary Judgment to the Centers for Medicare & Medicaid Services" ("Decision Granting Summary Judgment") (See Exhibit C). As subsequently attested by Ashford's President, neither the original CMS motion that was the basis for this decision, nor a copy of this decision itself were received by Ashford. Shortly after the Bankruptcy Court's approval of the Transfer Agreement, the County became aware of the ALJ's decision, conferred with Ashford regarding the same, learning at that time that Ashford had not received the CMS motion or other filings in the administrative case, nor had it received the ALJ's June 8, 2006, decision or other orders or notices issued in the administrative case.

16. On or about August 11, 2006, Ashford filed a request for a 60-day extension to request the ALJ decision be reopened, as well as a request for a 60-day extension to request review by the Departmental Appeals Board of HHS. As grounds for its motions, Ashford alleged that it had not received the CMS motions, notices or orders issued in the pending proceeding due to the loss of control over its post office box and the subsequently-discovered

5

failure of the company with control over that post office box to forward the motions, notices and orders to Ashford.

17. At about the same time as Ashford's filings, the County and GHI filed with the ALJ a Petition for Leave to Intervene and joined in the motions filed by Ashford in the then-pending administrative challenge by Ashford to the proposed CMS termination. The County and GHI sought to intervene in support of Ashford's defense against the termination of its Medicare Provider Agreement. CMS's proposed action would have had the effect of permanently terminating the vested Critical Access Hospital (CAH) status for the Hospital, due to the expiration of the "grandfather" date under 42 U.S.C. § 1395i-4(h). CMS has advised the County that termination of Ashford's Medicare Provider Agreement will terminate the grandfather status for the Hospital, requiring the Hospital to meet current standards for CAH status.

18. The County and GHI sought to intervene in the pending CMS action because the loss of CAH status for the Hospital as a result of CMS' action would substantially impair the Transfer Agreement, GHI's pending CHOW application and, most importantly, would substantially impair the financial viability of the Hospital, as CMS has advised the County that neither the County nor GHI could obtain CAH status for the Hospital after December 31, 2005, if Ashford's Medicare Provider Agreement was terminated. The County and GHI also joined in Ashford's then-pending motions, which were based on the lack of proper notice to Ashford of CMS' motions pending before the ALJ due to the interruption of U.S. Mail service to Ashford.

19. In their petition for leave to intervene, the County and GHI each established that they had standing to intervene in the then-pending proceeding by demonstrating that they were adversely affected or aggrieved by the CMS action. The County had a direct interest in the proposed action of CMS in terminating the Medicare Provider Agreement, as the owner of the

Hospital, as a party to the Transfer Agreement with Ashford, and as the local general purpose government with the obligation to preserve and protect the public health and welfare of its citizens. GHI also had a direct interest in the proposed action of CMS by virtue of its creation to operate the Hospital, as the proposed transferee of the State license and Medicare and Medicaid Agreements, and as the applicant for both the AHCA CHOW and the CMS CHOW of the very Medicare Provider Agreement that CMS was in the process of terminating. By the time the Petition to Intervene had been filed, the County and GHI were, in actuality, the real parties in interest in the case.

20. On September 20, 2006, the ALJ issued his "Ruling Denying Request That I Reopen My Decision In This Case," ("Denial of Request to Reopen Decision") denying Ashford's request to reopen the ALJ's Decision, as well as denying the County's and GHI's Petition to Intervene, ruling that Plaintiffs have not established any basis to intervene in the case (See Exhibit D).

21. Had the ALJ granted the County's and GHI's Petition to Intervene, as he should have, and reopened his decision, as he should have, the Decision Granting Summary Judgment would have been superseded and the parties could have litigated the issues of fact in the proceeding, with a decision made on the merits and not by inadvertence.

22. On November 20, 2006, the County and GHI filed their "Request for Departmental Appeals Board Review of ALJ Ruling Denying Request to Reopen Decision." In their Request for Departmental Appeals Board Review, the County and GHI argued that the ALJ improperly denied the County and GHI intervention and improperly denied the request to reopen the ALJ's decision.

23. In particular, the County and GHI pointed out that the ALJ misapplied 42 C.F.R. § 498.2 by using it to categorically exclude entities such as the County and GHI, who are the real parties in interest, from participating in the hearing process simply because their names are not listed with CMS as providers. While acknowledging that GHI might qualify as a provider or supplier, the ALJ nevertheless reasoned that GHI was not the subject of a determination by CMS, even though GHI was clearly involved in the very subject of the CMS action. The ALJ concluded that the Medicare Provider Agreement could not have been transferred because it had already been terminated, even though the CMS termination of the Medicare Provider Agreement was being challenged in the very proceeding in which the ALJ made his ruling.

24. The ALJ prejudged the credibility of Ashford, the County and GHI in challenging Ashford's sworn assertion that it had not received adequate notice of the CMS motion, noting that it had received other filings, asserting without evidence that Ashford, in fact, had immediate knowledge that it was not receiving its mail, making much of a footnote to a filing by the United States noting that CMS had filed a "Motion to Dismiss" in the pending CMS action, and testifying that he provided notice to the County Attorney, implying a duty to act some six months before the County's interest in the case ripened by the Bankruptcy Court's approval of the Transfer Agreement.

25. On December 6, 2006, the Departmental Appeals Board of HHS issued its "Rejection of Request for Review" (See Exhibit E), concluding that there is no basis for Board review pursuant to 42 C.F.R. § 498.83(b) because the ALJ's decision was not a "decision" under 42 C.F.R. § 498.83(b), because the County and GHI had been denied intervention and were therefore not parties to the ALJ proceeding, and because the time to seek appeal of the ALJ's original decision had expired.

26. Had the HHS Departmental Appeals Board not illegally and arbitrarily rejected the Request for Review and, instead, reviewed the ALJ's decision and the record before the ALJ, it would have realized that the ALJ had acted contrary to law, in an arbitrary and capricious manner, and abused his discretion, would have reversed the ALJ, and would have required that the ALJ's decision be reopened due to lack of proper notice to Ashford prior to entry of the ALJ's Decision Granting Summary Judgment to the Centers for Medicare & Medicaid Services.

27. To the extent that 42 C.F.R. § 498.95 is applicable, this action has been commenced within 60 days from receipt of the notice of the Departmental Appeals Board's decision. Otherwise, the County and GHI have suffered legal wrong because of and are adversely affected and aggrieved by agency action, and are entitled to judicial review of the action of the ALJ and the refusal of HHS to review the same.

28. Unless reversed, according to CMS, the termination of the Medicare Provider Agreement for the Hospital by CMS forever terminates the CAH status of the Hospital, due to the passage of the December 31, 2005, grandfather date for vested CAH facilities. A new application is now required, but will be denied because, according to CMS, the Hospital will have lost its grandfather status and is unable to comply with current CAH standards. The most recent evaluation of the impact of CAH status for the Hospital indicates that loss of CAH status will reduce Hospital revenues by approximately 20%. As a result, the Hospital will not be financially viable and must be subsidized by the County, which lacks the financial resources to provide such a subsidy. As a result, the Hospital will not be operated and the County and its citizens will be deprived of essential medical services.

## Causes of Action

### Count I

29. This is an action for review of agency action by HHS and CMS pursuant to 5 U.S.C. § 702, *et. seq*. The County and GHI have suffered legal wrong and are adversely affected and aggrieved because of agency action by HHS and CMS. The allegations of paragraphs 8 through 28 are incorporated herein by reference.

30. The action of the HHS Departmental Appeals Board in issuing its Rejection of Request for Review was contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, limitations, or short of statutory right, without observance of procedure required by law, and unwarranted by the facts. The logic and legal analysis shown reveals a strained reading of HHS regulations and employment of circular logic that contravenes the very purpose of the HHS regulations and the APA, and evidences an intent to achieve a pre-ordained result. The decision was unlawful, arbitrary, capricious and an abuse of discretion.

31. 42 U.S.C. § 498.83(b) clearly includes review of the ALJ's denial of the County's and GHI's Petition for Leave to intervene as a "decision" of the ALJ. By claiming that there is no appeal jurisdiction for this type of decision by an ALJ, the Departmental Appeals Board has unlawfully stripped HHS of its authority to review the unlawful actions of its ALJ's and to address the due process rights of persons entitled to participate in the administrative appeals process. By asserting that the County and GHI cannot pursue an appeal because intervention was denied has the very same effect. It places the ALJ in the position of being the ultimate arbiter without any recourse for unlawful action.

32. Similarly, asserting that the appeal cannot be pursued because the time to appeal the underlying decision has lapsed ignores the fact that the motion to reopen the ALJ's decision

would have superseded the appeal had it been granted, and that the denial of the motion itself gave rise to an independent basis for an appeal. Had intervention been granted and had the decision been reopened, there would have been no decision to appeal and the case could have been litigated on the merits, instead of being disposed of as a mere convenience to CMS and the ALJ because a party failed to act in spite of defective notice. Charging a nonparty with a failure to timely file an appeal on the merits simply illustrates the strained reasoning of the HHS Departmental Appeals Board.

33. The County and GHI request entry of a judgment determining that the Departmental Appeals Board erred in issuing its Rejection of Request for Review, requiring it to grant the Request for Review of the ALJ's decision, and directing that the ALJ grant the County's and GHI's Petition for Leave to Intervene and reopen the ALJ's decision for a hearing on the merits.

### Count II

34. This is an action for review of agency action by HHS and CMS pursuant to 5 U.S.C. § 702, *et. seq.* The County and GHI have suffered legal wrong and are adversely affected and aggrieved because of agency action by HHS and CMS. The allegations of paragraphs 8 through 28 are incorporated herein by reference.

35. The action of the ALJ in issuing his Denial of Request to Reopen Decision, denying the County's and GHI's Petition for Leave to intervene and the request that his decision be reopened, was contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, limitations, or short of statutory right, and without observance of procedure required by law. The logic and legal analysis shown reveals a strained reading of HHS regulations and employment of circular logic that contravenes the very purpose of the HHS

regulations and the APA, and evidences an intent to achieve a pre-ordained result. The decision was unlawful, arbitrary, capricious and an abuse of discretion.

36. In his Denial of Request to Reopen Decision, the ALJ engaged in unsupported fact-finding and speculation to justify his decision to refuse to reopen the case to allow a hearing on the merits. The ALJ improperly ignored Ashford's statement that it did, in fact, dispute the facts alleged by CMS, as well as the HHS regulations that permit a party to seek leave to file an amended petition, improperly engaged in fact-finding and speculation to overcome the sworn statement that proper notice had not been received, charged the parties with notice based on footnotes in another proceeding, and simply ignored the principle of justice that the law greatly favors resolution of a dispute on the merits, and not by default.

37. The ALJ heard no testimony and had no basis to judge credibility, yet made findings of fact and issued his decision as if he had. His actions are subject to de novo review, as any decision made without the benefit of testimony.

38. In his Denial of Request to Reopen Decision, the ALJ ignored the true, factual and legal nature of the interests of the County and GHI in the pending HHS administrative appeal, and sought to nullify GHI's acknowledged standing to intervene in the case by parsing distinctions not reflected in the cited regulation, and attempted to vitiate the County's and GHI's factual and legal interest in the case by asserting that the very decision he was supposed to adjudicate was already final before it arrived on his desk.

39. The County and GHI request entry of a judgment determining that the ALJ erred in issuing his Denial of Request to Reopen Decision, and direct that the ALJ grant the County's and GHI's Petition for Leave to Intervene and reopen his decision for a hearing on the merits.

## Count III

40. This is an action for review of agency action by HHS and CMS pursuant to 5 U.S.C. § 702, *et. seq.* The County and GHI have suffered legal wrong and are adversely affected and aggrieved because of agency action by HHS and CMS. The allegations of paragraphs 8 through 25 are incorporated herein by reference.

41. The final disposition of the appeal of the CMS termination of the Medicare Provider Agreement, and the permanent termination of CAH status for the Hospital; by summary disposition, rather than through an evidentiary presentation, was contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law. As demonstrated by the motions filed with HHS and the supporting affidavits, the decision in the administrative appeal was fundamentally flawed due to lack of notice of the very motion that was the basis for the decision.

42. The County and GHI request entry of a judgment determining that the ALJ erred in issuing his Decision Granting Summary Judgment, setting the same aside and requiring that a hearing be conducted on the merits.

## Count IV

43. This is an action challenging the validity of certain Federal Regulations on the grounds of denial of the due process clause of the Fourteenth Amendment to the United States Constitution and the violation of the requirements of the APA. The allegations of paragraphs 8 through 25 are incorporated herein by reference.

44. The ALJ has interpreted 42 C.F.R. § 498.2 as categorically excluding the County and GHI from being able to intervene in the administrative proceeding, in spite of the fact that they

clearly established standing to intervene as a result of a strained interpretation of the wording of the regulation, which the ALJ used as a convenient grounds for exclusion. To the extent the regulation does or could categorically exclude the County and GHI from being able to intervene in the administrative proceeding, it is invalid, in excess of HHS' regulatory authority, and a violation of due process and the APA.

### Relief Requested

WHEREFORE, Plaintiffs, Gadsden County, Florida and Gadsden Hospital, Inc. respectfully request the following relief:

(1) that the Court enter a judgment determining and declaring that the Departmental Appeals Board erred in issuing its Rejection of Request for Review, that the ALJ erred in issuing his Decision Granting Summary Judgment, that the Motion for Summary Judgment filed by CMS was improperly granted without due notice of the motion, directing that the ALJ grant the County's and GHI's Petition for Leave to Intervene and reopen the ALJ's decision for a hearing on the merits;

(2) that the Court enter a judgment determining and declaring that 42 C.F.R. § 498.2 is invalid, in excess of HHS' regulatory authority, and a violation of due process and the Federal APA;

(3) that the Court enter a preliminary injunction against Defendants, enjoining them from terminating the Medicare Provider Agreement until such time as this matter has been remanded to HHS for further proceedings, which proceedings shall involve the participation of the County and GHI as intervenors with the right to assert defenses on its behalf as well as on the behalf of Ashford and Gadsden Community Hospital;

(4) that the Court award the County and GHI the costs of this action; and

15

(5) that the Court award such other relief as it determines to be just and appropriate.

                                      Respectfully submitted,

_____
Paul Sexton, Esq.*
Florida Bar No. 243582
Douglas Sunshine, Esq.
Florida Bar No. 935263
Williams Wilson & Sexton, P.A.
215 South Monroe Street, Suite 600
Tallahassee, Florida 32301
(850) 224-3999 - Phone
(850) 224-0099 - Fax

Counsel for Plaintiffs

*Member of Northern District Bar