IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Tallahassee)

| In Re: | : | Chapter 11 |
|---|---|---|
| ASHFORD HEALTHCARE SYSTEMS, INC., | : : | |
| Debtor | : : | Case No. 05-45011 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, 365, AND 1146(c) AND FED. R. BANKR. P. 6004 AND 6006 (A) AUTHORIZING AND APPROVING AGREEMENT REGARDING ASSIGNMENT OF LEASE, CONVEYANCE OF LICENSES AND CONTRACTS, AND TRANSITION OF HOSPITAL OPERATIONS WITH GADSDEN COUNTY BOARD OF COMMISSIONERS, (B) AUTHORIZING SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (C) DETERMINING THAT SUCH SALE IS EXEMPT FROM ANY STAMP, TRANSFER, RECORDING OR SIMILAR TAX, (D) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN THE LEASE IN CONNECTION WITH THE SALE, AND (E) GRANTING RELATED RELIEF**

Upon the joint motion, dated April 5, 2006 of the above-captioned debtor (the "Debtor")

and the Official Committee for Unsecured Creditors (the "Official Committee") for the estate of

Ashford Healthcare Systems, Inc., for an order pursuant to sections 105(a), 363, 365, and

1146(c) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Federal

Rules of Bankruptcy Procedure 6004 and 6006, and N.D. Fla. LBR 6004-1 and 9013-2 (a)

authorizing and approving the Agreement Regarding Assignment Of Lease, Conveyance Of

Licenses And Contracts, And Transition Of Hospital Operations  (the "Agreement") entered into

by the Debtor, the Official Committee and the Gadsden County Board of Commissioners (the

"County"), (b) authorizing such Agreement free and clear of liens, claims, interests and

encumbrances, (c) determining that such Agreement is exempt from any stamp, transfer,

recording or similar tax, (d) authorizing the Debtor to assume and assign the lease in connection

EXHIBIT "B"

with the Agreement, and (e) granting related relief (the "Motion"); and this Court having

determined that the Agreement[1] is in the best interest of the estate, its creditors and other parties

in interest in this chapter 11 case; and the Court having reviewed and considered: (i) the Motion;

(ii) the objections thereto; and (iii) the arguments of counsel made, and the evidence proffered or

adduced, at the hearing; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it hereby is

FOUND AND DETERMINED THAT:[2]

A.     This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. §§ 157(b) (2) (A) and (N).

B.     The statutory predicate for the relief sought in the Motion is sections 363 and 365 of the Bankruptcy Code.

C.     As evidenced by the certificates of service filed with this Court and based on representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363 and Bankruptcy Rules 2002 and 6004.

D.     A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E.     Omitted in original.

F.     No consents or approvals are required for the Debtor to consummate the Agreement other than the consent and approval of this Court. Neither the execution of the Agreement nor the consummation of the transaction in accordance with its terms will constitute a violation of any provision of Debtor's organization documents or any other instrument, law, regulation or ordinance by which Debtor is bound.

G.     Debtor is the legal and equitable owner of the equipment and inventory to be transferred pursuant to the Agreement and, upon entry of this Order, Debtor shall have full authority to consummate the transaction contemplated by the Agreement. The Agreement and the transaction have been duly and validly authorized by all necessary corporate action, as the case may be, of Debtor.

---

[1] All capitalized words if not defined herein shall have the meaning ascribed to them in the Motion.
[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

H.     Approval of the Agreement and consummation of the transaction on the terms set forth in this Order is in the best interests of Debtor, the estate, creditors and other parties in interest.  The Debtor has articulated a good and sufficient business justification supporting the sale of the equipment and inventory to the County pursuant to section 363 of the Bankruptcy Code.

I.     The Agreement was negotiated, proposed and entered into by Debtor, Official Committee and County without collusion, in good faith and from arm's length bargaining positions. The County is not an "insider" of Debtor, as that term is defined in Bankruptcy Code section 101. Debtor and the County have not engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n).

J.     The consideration to be provided by the County pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the equipment and inventory; and (iii) constitutes reasonably equivalent value and fair consideration.

K.     The consummation of the transaction (the "Closing") pursuant to the Agreement will be a legal, valid, and effective transfer of the Debtor's equipment and inventory to the County, and vests or will vest the County with all right, title, and interest in and to the equipment and inventory free and clear of all liabilities in accordance with section 363(f) of the Bankruptcy Code because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. All parties with liabilities against the equipment and inventory, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

L.     The Agreement is a valid and binding contract between Debtor and the County, which is and shall be enforceable according to its terms.

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is granted and approved in all respects, except that the Movants have withdrawn at the hearing their request for the Court to determine that the Agreement is exempt from any stamp, transfer, recording or similar tax.

2.     The Agreement (attached to the Motion as Exhibit "A") and the transaction are hereby authorized and approved.

3.     Pursuant to Bankruptcy Code sections 363(b) and (f), Debtor is authorized, empowered and, subject to the terms of the Agreement, directed to consummate the transaction, pursuant to and in accordance with the terms of the Agreement.

4.     Debtor is authorized, empowered and, subject to the terms of the Agreement directed to execute, deliver and perform under the Agreement and to take all further actions as may be reasonably requested by the County for the purpose of consummating the transaction as may be necessary or appropriate to the performance of the obligations contemplated by the Agreement.

5.      Pursuant to Bankruptcy Code sections 105(a) and 363(1), upon payment of the sums required under the Agreement, (i) the equipment and inventory shall be transferred to the County free and clear of all liabilities against such assets in accordance with section 363(f) of the Bankruptcy Code; and (ii) the liens of GE HFS Holdings, Inc., (GE) any other parties which claim a lien on such property shall attach to the $25,000.00 in proceeds from the sale of the equipment and inventory in the same priorities and to the same extent as the liens existed pre-petition.

6.      The transfer of the equipment and inventory to the County pursuant to the Agreement constitutes a legal, valid and effective transfer of the assets and shall vest the County, after payment of sums due under the Agreement, with all right, title and interest in and to the Acquired Assets, free and clear of all liabilities.

7.      The consideration provided by the County for the equipment and inventory under the Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

8.      The transaction is undertaken by the County in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transaction shall not affect the validity of the sale of the equipment or inventory to the County, unless such authorization is duly stayed pending such appeal. The County is a good faith purchaser of the equipment and inventory and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

9.      All pre-petition accounts receivable shall remain property of the estate subject to any pre-petition liens or encumbrances.

10.     After the Closing, the County shall make available, during normal business hours, access to any patient and other billing and computer records of the Debtor (and of its affiliate DasSee Community Health Systems, LLC relating to the George E. Weems Memorial Hospital and the Calhoun-Liberty Hospital) required by GE in order to collect on the pre-petition accounts receivable. Any patient records request by GE shall be made in accordance with the requirements of HIPAA and any applicable local or state law.

11.     In the event that Agency for Health Care Administration ("AHCA") and/or Medicare reinstate the Provider Agreements previously executed by such agencies with the Debtor, the County has agreed to submit claims/bills to Medicare and AHCA for the benefit of GE for services rendered by the Debtor through November 4, 2005, using the Debtor's former Medicare and Medicaid Provider Numbers; provided that the County and GE are able to come to agreement pursuant to good-faith negotiations. In any event, should the County come into possession of any proceeds of the pre-petition collateral, the County shall within ten business days remit such proceeds to GE upon the condition that:

a) GE shall within ten business days of written demand by the County, deliver payment to the County in Quincy, Florida, the full amount of any monies:

i) withheld from payment to the County by AHCA, the Centers for Medicare and Medicaid Services (CMS), or their agents, which monies are associated with said proceeds; or

ii) required to be refunded by the County to AHCA or CMS upon written demand to the County, which monies are associated with said proceeds; and

b) GE shall first provide the County a surety bond payable to the County upon the failure of GE to deliver said payment to the County with in said ten business days, which bond:

i) shall provide for unconditional and immediate payment to the County in Quincy, Florida, upon the delivery to the Surety, in Florida, of a written certification by the County that GE has failed to timely pay an amount required under paragraph;

ii) shall be issued by a surety company meeting all requirements of Florida law, with a resident agent in the State of Florida and rating of A or better;

iii) shall be in the amount of 45% of said proceeds and all prior proceeds previously remitted.

12.     All claims of the Agency for Health Care Administration ("AHCA"), whether filed or unfiled, shall be deemed satisfied for estate distribution purposes only, effective with the Closing. Nothing herein shall prevent AHCA from exercising any statutory, regulatory or common law rights against any pre-petition accounts receivable which have not been submitted as of the petition date; however, any offset or recoupment arising from Medicaid audit C.I. 04-2349-000 and the federal match portion of the Medicaid rate audit shall be limited to $548,089.40 as set forth in the agreement between the County and AHCA.

13.     Upon receipt of the payment from the County pursuant to the terms of the Agreement, the sum of $25,000 shall be escrowed in the Debtor's operating account for payment of any and all claims of secured creditors on the equipment and inventory. Any creditor asserting a security interest in the equipment and inventory shall file a claim with the estate within thirty (30) days of the entry of this Order setting forth in detail the claim amount and the asserted value of the property securing the claim. If the Official Committee, the Debtor and the secured party cannot agree to an amount, then the Court upon motion of the secured creditor shall determine the amount of such claim, provided however, that the amount of such claim shall not exceed the sum of $25,000.

14.     Nothing herein shall alter or change any rights or remedies of either GE or AHCA in the pre-petition receivables. All such rights and remedies are expressly reserved.

15.     The Debtor shall have until the earlier of (i) the Closing or (ii) thirty days after termination of the Agreement to assume or reject the Lease provided however that nothing herein shall be construed as a waiver by either party of their rights or defenses regarding the lease in the event that the lease is not assigned. At the Closing the Debtor shall assume and assign the Lease to the County or its designee pursuant to the terms of the Agreement. At Closing the County

shall waive all right of cure in the Lease and shall permit the assumption and assignment of the Lease.

16.     Nothing herein shall limit Debtor's right to pursue its claim for unreimbursed indigent care, nor limit any challenges, defenses or counterclaims available to the County in response thereto.

17.     The Debtor at or before the Closing is permitted to assist the County in obtaining a transfer of the operating license for the hospital and any and all provider numbers from any applicable third party payors.

18.     After giving effect to paragraph 13 herein, the remaining proceeds of the Closing shall be deposited in the Debtor's operating account and shall be subject to further order of this Court.

19.     Upon receipt of the payment from the County pursuant to the terms of the Agreement, the sum of $25,000 shall be escrowed in the Debtor's operating account for payment of any and all claims of secured creditors on the equipment and inventory. Any creditor asserting a security interest in the equipment and inventory shall file a claim with the estate within thirty (30) days of the entry of this Order setting forth in detail the claim amount and the asserted value of the property securing the claim. If the Official Committee, the Debtor and the secured party cannot agree to an amount, then the Court upon motion of the secured creditor shall determine the amount of such claim, provided however, that the amount of such claim shall not exceed the sum of $25,000.

20.     The secured claims and/or federal tax liens of the Internal Revenue Service, to the extent such liens are valid and enforceable under the law, shall not be affected by the entry of this Order and shall attach to the sale proceeds, and all parties reserve their rights with respect to any asserted Internal Revenue Service claims/liens and any defenses thereto.

21.     Nothing herein shall require AHCA to transfer any license or provider agreement until such time as all applicable statutory and regulatory requirements are satisfied or waived by AHCA.

22.     This Court retains jurisdiction to:

(a)     interpret, implement and enforce the terms and provisions of this Order and the terms of the Agreement, all amendments thereto and any waivers and consents thereunder;

(b)     Protect the County or any equipment or inventory against any liabilities, except as set forth in this Order, including to enjoin the commencement or continuation of any action seeking to impose successor liability relating to such equipment or inventory;

(c)     Enter orders in aid or furtherance of the transaction;

(d)     Compel delivery of all equipment and inventory to the County in accordance with the Agreement;

(e)     Adjudicate all issues concerning (alleged) pre-closing liabilities, and any other (alleged) interest(s) in and to the equipment and inventory, including the extent, validity, enforceability, priority and nature of all such (alleged) liabilities relating to such equipment and inventory; and

(f)     Adjudicate any and all issues and/or disputes relating to Debtor and title or interest in the equipment and inventory and the proceeds, the Motion and/or the Agreement and any amendments thereto.

23.     The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, the County and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of this case to a case under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding.

24.     The Agreement and any documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Debtor's estate.

25.     The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety, except as provided in Paragraph 21, above.

26.     To the extent of any inconsistency between the provisions of the Agreement, any documents executed in connection therewith and this Order, the provisions contained in the Agreement (except as specifically modified by this Order) shall govern.

27.     Notwithstanding the provisions of Bankruptcy Rule 6004(g), this Order shall not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.

28.     Except as set forth herein, the Agreement shall remain in full force and effect.

Dated: June 2nd 2006

_____
Hon. Lewis M. Killian, Jr.
United States Bankruptcy Judge