Department of Health and Human Services

## DEPARTMENTAL APPEALS BOARD

Civil Remedies Division

| | |
|---|---|
| In the Case of: | |
| Gadsden Community Hospital, | Date: June 8, 2006 |
| Petitioner, | |
| - v. - | Docket No. C-06-125 |
| | Decision No. CR1458 |
| Centers for Medicare & Medicaid Services. | |

## DECISION GRANTING SUMMARY JUDGMENT TO THE CENTERS FOR MEDICARE & MEDICAID SERVICES

I grant summary judgment in favor of the Centers for Medicare & Medicaid Services (CMS) and against Petitioner, Gadsden Community Hospital, based on the uncontested facts of this case and applicable law.

### I. Background

Petitioner did business as a critical access hospital in Quincy, Florida. It participated in the Medicare program and its participation in Medicare was subject to federal laws and regulations. Specifically, its participation was governed by section 1866 of the Social Security Act (Act) and by regulations at 42 C.F.R. Part 485.

On November 10, 2005, CMS notified Petitioner that it was terminating Petitioner's participation in Medicare effective November 27, 2005. CMS Ex. 4.[1] In that notice CMS advised Petitioner that, at surveys of Petitioner's facility conducted on October 21 and

---

[1] CMS filed six proposed exhibits in support of its motion for summary judgment. CMS Ex. 1-CMS Ex. 6. Petitioner has not contested the contents of any of these proposed exhibits. Consequently, I receive them into the record.

November 4, 2005, Petitioner had been found to be out of compliance with several Medicare conditions of participation. *Id.*, at 1-2; *see* CMS Ex. 1; CMS Ex. 2. CMS told Petitioner that its Medicare participation was being terminated based on its failure to comply with these conditions of participation.

Petitioner filed a hearing request on December 1, 2005. CMS Ex. 5. In its request Petitioner failed to address the merits of any of the noncompliance findings that were the basis for CMS's determination. *Id.* In its request Petitioner asserted the following:

- The entity that operated Petitioner filed a petition for Chapter 11 bankruptcy protection on November 14, 2005, 13 days prior to the termination date.

- A court order issued on November 21, 2005 gave Petitioner's operating entity "expanded access to the hospital so as to lift the . . . suspension of . . . [Petitioner's] license.

- Other, unspecified legal action was pending involving, evidently, Petitioner and other entities, consisting apparently of Gadsden County, Florida and "AHCA."

*Id.*

The case was assigned to me for a hearing and a decision. On December 23, 2005, I issued a pre-hearing order. The order established deadlines for the parties to make pre-hearing exchanges of briefs and proposed exhibits. Additionally, it established a procedure for a party to move for summary disposition. Acknowledgment and Initial Pre-Hearing Order, at 4. It directed a party opposing a motion for summary disposition to file its opposition within 30 days of the date of its receipt of the motion. *Id.*

On March 28, 2006, CMS filed a motion for summary judgment. Petitioner had until early May to reply to the motion. It filed no response. On April 27, 2006, CMS filed a pre-hearing exchange pursuant to my order. Petitioner's exchange was due on May 30, 2006. It filed nothing.

## II. Issue, findings of fact and conclusions of law

### A. Issue

The issue in this case is whether CMS is entitled to summary judgment as a matter of law based on the undisputed material facts.

3

### B. Findings of fact and conclusions of law

I make findings of fact and conclusions of law (Findings) to support my decision in this case. I set forth each Finding below as a separate heading. I discuss each Finding in detail.

#### *1. Summary judgment is appropriate where there are no disputed issues of material fact.*

As I explained in my initial pre-hearing order, I evaluate any motion for summary judgment pursuant to the principles of Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, summary judgment may issue only where there is no dispute as to material facts. A "material fact" is a fact which may affect the outcome of a case.

#### *2. Summary judgment in favor of CMS is appropriate here because there is no fact dispute in this case and because CMS has shown that it is entitled to a favorable outcome as a matter of law.*

Petitioner has not disputed any of the facts alleged by CMS. The material facts alleged by CMS are that it terminated Petitioner's participation in Medicare based on findings made at two surveys that Petitioner was not complying with Medicare conditions of participation. Petitioner has not disputed – or even alleged – that the survey findings of noncompliance are unsubstantiated.[2]

CMS is authorized to terminate Petitioner's participation in Medicare as a matter of law. Section 1866(b)(2) of the Act allows the Secretary of Health and Human Services, or his delegate, CMS, to terminate the participation in Medicare of any provider that has failed to comply substantially with regulations that govern participation. Act, section 1866(b)(2)(A). Here, CMS determined that Petitioner did not comply substantially with conditions of participation governing a critical access hospital at 42 C.F.R. Part 485 and Petitioner offered no challenge to those findings.

I have considered the allegations made by Petitioner in its hearing request and, for the purposes of this decision, I assume that they are true. They establish no basis for me to find that CMS is without authority to terminate Petitioner's Medicare participation. There

---

[2] Indeed, Petitioner filed nothing in this case after filing its hearing request. A basis exists for me to dismiss Petitioner's hearing request on the ground that it has abandoned its case. I elect not to do so because I am satisfied that CMS has shown that it is entitled to summary judgment based on the undisputed facts and the law.

4

is nothing in either the Act or in implementing regulations that suggests that a determination to terminate a provider's Medicare participation based on noncompliance with participation requirements will be defeated by a bankruptcy petition. And, moreover, Petitioner has offered nothing to establish that the bankruptcy court has even considered Petitioner's Medicare status as an element of Petitioner's bankruptcy proceeding. *See* CMS Ex. 6.

Steven T. Kessel
Administrative Law Judge