

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Departmental Appeals Board
Appellate Division, MS-6127
Room G-644, Cohen Building
330 Independence Avenue, SW
Washington, D.C. 20201

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Douglas D. Sunshine, Esq.
Williams Wilson & Sexton, P.A.
215 South Monroe St., Ste. 600
Tallahassee, Florida 32301

DEC - 6 2006

and

Elizabeth C. Benton
Assistant Regional Counsel
DHHS - Region IV
Atlanta Federal Center
61 Forsyth St., S.W., Ste. 5M60
Atlanta, Georgia 30303-8909

Re: Ashford Healthcare Systems, Inc., d/b/a
    Gadsden Community Hospital, Petitioner, v.
    Centers for Medicare & Medicaid Services
    Civ. Rem. Docket No. C-06-125
    App. Docket No. A-06-115

REJECTION OF REQUEST FOR REVIEW

Counsel:

On November 20, 2006, Gadsden County, Florida and Gadsden Hospital, Inc. (Gadsden County and Gadsden Hospital) filed a request for review of a September 20, 2006 ruling issued by Administrative Law Judge (ALJ) Steven T. Kessel denying Gadsden Community Hospital's request that he reopen his decision in Gadsden Community Hospital, DAB CR1458 (June 8, 2006) (ALJ Decision). As explained below, we reject the request for review of the ALJ's ruling.

Background

The ALJ Decision upheld the termination of Petitioner Gadsden Community Hospital's participation in Medicare based on a motion for summary judgment by the Centers for Medicare & Medicaid Services (CMS). The ALJ found that Petitioner's hearing request

did not dispute CMS's findings that Petitioner did not comply substantially with conditions of participation governing a critical access hospital, and that Petitioner had not responded to CMS's motion for summary judgment.

Following the issuance of the ALJ Decision, Ashford Health Systems, Inc., which described itself as the operator of Petitioner, moved the ALJ for a 60-day extension of time to submit a request that he reopen his decision. Simultaneously, Gadsden County and Gadsden Hospital moved for leave to intervene in the case. At the same time, Petitioner moved the Board for a 60-day extension of time to request review of the ALJ Decision. The Board granted an extension until October 13, 2006. Petitioner did not appeal the ALJ Decision by that date, and the Board closed the case on its docket. On September 20, 2006, the ALJ issued a ruling denying both motions pending before him. With respect to the motion to reopen, the ALJ found that Ashford and Petitioner had had adequate notice of CMS's motion for summary judgment and had not established any reason why the ALJ should now allow Petitioner to challenge the substantive grounds for CMS's determination to terminate Petitioner's participation in Medicare. With respect to the motion to intervene, the ALJ found that only Petitioner qualified as an affected party that was entitled to request and receive a hearing.

Gadsden County and Gadsden Hospital now request review of the ALJ's ruling, citing 42 C.F.R. § 498.83(b). They argue that the ALJ Decision should be vacated and that they should be permitted "to [i]ntervene in this matter as party litigants" and to raise on Petitioner's behalf the issues that Petitioner could raise in this matter.

Discussion

Gadsden County and Gadsden Hospital seek review of the ALJ's September 20, 2006 ruling pursuant to section 498.83(b) of subpart E of Part 498 of 42 C.F.R. Subpart E provides for Board review of "an ALJ's decision or dismissal of a hearing request[.]" See section 498.82(a); see also sections 498.80 and 498.83(a). Section 498.83(b) provides that "[t]he Board will grant the affected party's request for review" unless one of four reasons for dismissal is present. Gadsden County and Gadsden Hospital were not in fact parties in the ALJ proceeding since the ALJ did not grant their motion to intervene. Furthermore, there is a question whether either Gadsden County or Gadsden Hospital could legally qualify as an "affected party." Even assuming one or both of them could qualify as an affected party, there is no basis under subpart E for Board review of the ALJ's September 20, 2006 ruling since the ruling does not constitute a decision or dismissal of a hearing request.

Moreover, there is no longer any right to Board review of the ALJ Decision itself under subpart E, even if sought by an affected party. Neither Petitioner nor Gadsden County or Gadsden Hospital requested Board review of the ALJ Decision. Petitioner requested an extension of time to request such review which the Board granted; however, Petitioner did not pursue an appeal even though it had sufficient time to do so after the ALJ issued the September 20, 2006 ruling denying Petitioner's request to reopen the ALJ Decision. Gadsden County and Gadsden Hospital should have known that the deadline for requesting Board review was not later than October 13, 2006 since Petitioner's request for an extension of time to request Board review of the ALJ Decision was filed together with a request by Gadsden County and Gadsden Hospital for leave to intervene (which the Board did not address since it was premature). Thus, the time has passed for requesting Board review of the ALJ Decision pursuant to section 498.83(b) and no good cause has been shown for late filing.

Conclusion

Since there is no basis for Board review of this matter pursuant to section 498.83(b), we reject the request for review.

_____
Judith A. Ballard

_____
Donald F. Garrett

_____
Sheila Ann Hegy
Presiding Board Member

cc: Civil Remedies Division