NOV-21-2005(MON) 13:36                                                    P. 002/004

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

ASHFORD HEALTHCARE            CIVIL ACTION NO. 05-1259-CAA
SYSTEMS, INC., a Florida
corporation,

    Plaintiff,

vs.

GADSDEN COUNTY, FLORIDA,
a political subdivision of
the State of Florida,

    Defendant.
_____/      **ORDER**

    THIS MATTER came before this Court upon the Motion for Emergency Injunction Relief as heretofore filed and served by the Plaintiff, ASHFORD HEALTHCARE SYSTEMS, INC., (hereinafter, "ASHFORD"), and upon this Court's Order to Show Cause with regard to same. After having heard argument of counsel, and testimony of the parties, it is hereby

    FINDS AS FACT as follows:

    A.    ASHFORD and the Defendant, GADSDEN COUNTY, FLORIDA, (hereinafter, the "COUNTY"), entered into a Lease as of July 1, 2001, wherein the COUNTY leased to ASHFORD certain property located in Quincy, Gadsden County, Florida, known at that time as the Gadsden Memorial Hospital, (hereinafter, the "Hospital").

    B.    On November 4, 2005, the Agency for Health Care Administration entered, within its Action No. 2005009490, an Emergency Order of Immediate Suspension of License wherein ASHFORD's license to operate the Hospital (License No. 4367) was immediately suspended.



EXHIBIT G

C.  Based upon the foregoing Emergency Order, ASHFORD's Hospital operations were suspended on the afternoon / evening of November 4, 2005. Nothing in the Emergency order prohibited ASHFORD from continuing day-to-day business and administrative operations

D.  Following the suspension of ASHFORD's hospital operations, the COUNTY secured the Hospital by posting a Gadsden County Sheriff Deputy and changing and locks thereto.

E.  The utilities at the Hospital were disconnected by the City of Quincy on the morning of Tuesday, November 8, 2005, for nonpayment of the utility bill.

F.  Shortly following the disconnection the Hospital's utilities, the COUNTY requested that the back-up generator be shut down for its own protection due to a possible insufficient load.

G.  As of this hearing, the COUNTY has not initiated eviction proceedings against ASHFORD, as are required pursuant to §83.05, F.S. and which cannot be waived within a written lease.

H.  Each party to this action has an interest within the Hospital, to-wit:  (i) ASHFORD's possessory interests by virtue of its Lease with the COUNTY; and, (ii) the COUNTY by virtue of its ownership of the property.

Based upon the foregoing findings, this Court hereby

ORDERS AND ADJUDGES as follows:

1.  ASHFORD retains to possessory rights to the Hospital.

2.  Pending further Order of this Court, the COUNTY may have a deputy sheriff at the Hospital premises to provide for public safety.

Nov-21-05-03:41P                                                                    18502 1722                P-6
NOV-21-2005(MON) 13:36                                                                                              P. 004/004

3. During its exercise of its possessory rights, ASHFORD may copy of the records, computer drives, etc., located at the Hospital, which copies it may remove from the Hospital premises; however, pending further Order of this Court, no such original items may be removed by ASHFORD.

4. ASHFORD shall continue to have access to the Hospital. ASHFORD shall provide to the COUNTY a list of employees who are authorized to enter the Hospital and the desired hours of operation, and the COUNTY will provide those persons access to the Hospital during those hours.

4. ASHFORD may, at its expense, utilize the back-up generator present at the Hospital. In such case, ASHFORD shall consult with Ring Power to determine whether any harm could come to the generator as a result of such use. In the event Ring Power determines that harm could come to the generator, ASHFORD shall post a bond, in favor of the COUNTY, in an amount sufficient to repair the generator. Alternatively, ASHFORD may place such funds on deposit within Gadsden County Attorney's trust account.

DONE AND ENTERED this _21_ day of November, 2005, *nunc pro tunc* to the 9th day of November, 2005.

                                                                                              _____
                                                                                              GEORGE S. REYNOLDS, III
                                                                                              Judge, Gadsden County Circuit Court

Copies furnished to:

John O. Williams, Esquire
Ethan Andrew Way, Esquire
Thornton Williams, Esquire